UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WHO DAT?, INC.

VERSUS

NFL PROPERTIES, LLC, ET AL

CIVIL ACTION

NO. 10-154-BAJ-CN

## ORDER OF TRANSFER

This matter is before the Court pursuant the Court's order to show cause why it should not be transferred to the United States District Court for the Eastern District of Louisiana (doc. 46). Plaintiff, Who Dat?, Inc. ("Who Dat"), and defendants, the State of Louisiana and the Secretary of State of Louisiana, responded to the order by opposing the transfer (docs. 49 & 52, respectively), whereas defendants, NFL Properties, L.L.C. ("NFLP") and New Orleans Saints, L.L.C. ("Saints") have responded by submitting a memorandum in support of the transfer (doc. 51). Jurisdiction is based on 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

On March 4, 2010, plaintiff filed this action in the United States District Court for the Middle District of Louisiana. The complaint alleges that Sal and Steve Monistere, the owners of Who Dat, were "born and raised within just a few miles of the Louisiana Superdome" and are season ticket holders of the New Orleans Saints. The complaint also alleges that the company they founded has developed and nurtured the phrase "WHO DAT" for over twenty-five years and was uniquely positioned to reap substantial

financial rewards in connection with the success of the New Orleans franchise in the 2009-2010 National Football League season. (Complaint, ¶¶ 1-2).

According to the complaint, however, the NFLP and the Saints filed public documents falsely claiming ownership and first use of the phrase "WHO DAT" but in the face of public outrage, later conceded that they did not own rights to the phrase. Plaintiff alleges that "[w]ith that concession in hand, state officials declared victory and further declared that the phrase belongs to the people as it is in the public domain." Plaintiff further alleges that, as a consequence of all the actions stated above, Who Dat was "not able to obtain the financial fruits of its labor." (Complaint, ¶¶ 2, 60).

The complaint also provides:

> This is an action for a request for declaratory relief, cancellation of the trademarkes obtained by the Saints on or after February 16, 2007, fraudulent registration, request for permanent injunction, breach of contract, tortuous interference with existing contracts, tortuous interference with prospective contracts, deceptive advertising under Louisiana law, common law unfair competition, common law trademark infringement, state statutory trademark infringement and dilution, federal unfair competition, federal dilution, federal commercial and product disparagement, negligence, fraud, violations of Florida trademark law, and conspiracy.

(Complaint, ¶ 3).

On June 8, 2010, after reviewing the record and indicating that it appeared to demonstrate minimal connection with the Middle District of Louisiana, the Court ordered the parties to show cause in writing why this action should not be transferred to the Eastern District of Louisiana pursuant to 28 U.S. C. § 1404(a).

2

## LAW AND DISCUSSION

28 U.S.C. § 1404 provides, in pertinent part:

> For the convenience of parties and witnesses, in the interest
> of justice, a district court may transfer any civil action to any
> other district or division where it might have been brought.

28 U.S.C. § 1404(a).

To determine whether transfer under Section 1404(a) is proper, the court must first determine whether the district or division to which the case may be transferred is one in which the action might have been brought. *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir.), *cert. denied*, 540 U.S. 1049, 124 S.Ct. 826, 157 L.Ed.698 (2003). None of the parties dispute whether this action might have been brought in the Eastern District of Louisiana. Under 28 U.S.C. § 1391(b), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The complaint cites several substantial events or parts of events that allegedly occurred in the Eastern District and gave rise to the claims.[1] Accordingly, the Court finds that the United States District Court for the Eastern District of Louisiana is a venue in which the action might have been brought.

---

[1]Plaintiff alleges, *inter alia,* that it entered into a contract in the Eastern District with the Saints and the NFLP to produce and distribute merchandise which included the respective trademarks of the Saints and Who Dat (complaint, at ¶ 31); it entered into a licensing agreement with another resident of the Eastern District for the use of Who Dat trademarks by manufacturers of sound recordings and apparel (*id.,*at ¶ 23); it wrote and recorded songs that aired frequently in the Superdome (*id.* at ¶ 32); and it entered into a licensing agreement with a company in New Orleans that sold its merchandise there from 1983 until 1997 (*id.* at 33).

3

Having found that the Eastern District of Louisiana is a proper venue for transfer under Section 1404(a), the Court turns to the second prong of the transfer analysis—determining whether the "convenience of parties and witnesses, in the interest of justice" requires a district court to transfer this civil action to the Eastern District. *In re Horseshoe Entertainment*, 337 F.3d at 433. In determining whether a 1404(a) transfer serves the convenience of parties and witnesses and the interest of justice, a court must consider both private interest and public interest factors:

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of law [or in] the application of foreign law."

*In re Volkswagen,* 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*), *cert. denied,* 129 S.Ct. 1336, 173 L.Ed.2d 587 (2009) (internal citations omitted).

Plaintiff argues that the action should not be transferred from the Middle District because trademark filings were made in the Middle District and because "there are numerous individuals and entities in the Middle District and throughout the State of Louisiana with knowledge of relevant facts" (doc. 49, pp.. 4, 6).[2] A review of the

---

[2]Though defendants, the State of Louisiana and the Secretary of State of Louisiana, have filed a response to the order to show cause, the response merely recites pertinent language from 28 U.S.C. § 1404(a) and presents a conclusory statement in opposition to the transfer (doc. 52).

4

complaint and plaintiff's response to the show cause order, however, indicates that: (1) Who Dat is "domiciled" in the Eastern District;[3] (2) the Saints' principal place of business is in the Eastern District;[4] (2) Who Dat alleges that the Saints breached a contract that was negotiated and made with Who Dat in the Eastern District;[5] (3) plaintiff, in order to "develop a phrase that could be used as a battle cry unique to the Saints," helped produce a song that was recorded in the Eastern District, published in album form in the Eastern District, featured on a local television news program in the Eastern District, and, along with other songs produced by plaintiff, has been played in the Superdome;[6] (4) plaintiff has entered into licensing agreements and marketing agreements in the Eastern District;[7] and plaintiff has in the past initiated state court proceedings within the Eastern District to protect its interests against other residents of the Eastern District.[8]

Conversely, plaintiff has failed to allege facts that even remotely reveal similarly specific ties to the Middle District. Moreover, defendants, NFLP and the Saints, argue that all of the relevant documents in their possession are located in the Eastern District

---

[3]Complaint, ¶ 4; doc. 49, p. 5, ¶ 9.

[4]Complaint, ¶ 5; doc 49, p. 5, ¶ 10.

[5]Complaint, ¶¶ 31, 46-48, 51-59,97, 105; doc. 49, p. 5, ¶ 8.

[6]Complaint, ¶¶ 19, 32 & Ex. A.

[7]Complaint, ¶¶ 23, 33(a-c).

[8]Complaint, ¶ 39.

Case 3:10-cv-00154-BAJ -DLD   Document 54   07/30/10   Page 5 of 8

and that all of their witnesses are located either in the Eastern District of Louisiana or out of state (as in the case of NFLP). They further argue that all of the witnesses specifically mentioned by Who Dat in its complaint are residents of the Eastern District and that Who Dat has not identified any documents or records that it maintains in the Middle District. (Doc. 51, p. 4).

After reviewing and carefully considering the record and the responses of the parties to the order to show cause, the Court finds that an overwhelming majority of the events cited as giving rise to the litigation are alleged to have occurred in the Eastern District; the number of identified witnesses in the Eastern District is significantly greater than the number identified in the Middle District; the amount of identified evidence in the Eastern District is significantly greater than the amount of identified evidence in the Middle District; and the number of transactions identified in the Eastern District is significantly greater than the number of transactions identified in the Middle District. Accordingly, the Court concludes that the private interest factors favor a transfer to the Eastern District.

The Court, therefore, turns to the public interest factors. Who Dat argues that a transfer to the Eastern District might result in unnecessary delays because of court congestion from litigation related to the BP Deepwater Horizon explosion and subsequent oil spill (doc. 49, p. 4-5). While noting plaintiff's speculation regarding the ability of the Eastern District to manage its docket efficiently, the Court also considers the remaining public interest factor---the local interest in having localized interests

6

decided at home.[9] For all the reasons noted *supra*, the Court finds that this action presents many more numerous and meaningful contacts with the Eastern District than with the Middle District and that it addresses significant localized interests in the Eastern District. The Court further finds that the Eastern District's interest in having localized interests decided within its geographical boundaries outweighs the possibility that the docket in the Eastern District may eventually become crowded enough that some delay might occur. Accordingly, the Court concludes that the public interest factors, like the private interest factors, weigh strongly in favor of transferring the action to the Eastern District.

Plaintiff also argues that transfers, *sua sponte*, are strongly disfavored, "and if ever appropriate, should be reserved for exceptional circumstances" (doc. 49, p. 2). In support of that argument, plaintiff cites two cases from the D.C. Circuit (*id.,* citing *In re Scott*, 709 F.2d 717, 721 (D.C. Cir. 1983); *In re Chatman-Bey*, 718 F.2d 484, 487 (D.C. Cir 1983)). However, the statute imposes no such restriction and plaintiff has not directed the Court to any case law in this circuit that would suggest such a restriction on *sua sponte* transfers. To the contrary, Fifth Circuit case law provides not only that *sua sponte* transfers are proper, but also that such transfers are "committed to the sound discretion of the transferring judge." *Mills v. Beech Craft Aircraft Corp.,* Inc., 886 F.2d 758, 761 (5ᵗʰ Cir. 1989); see also ; *Atkinson v. Denton Pub. Co.,* (5ᵗʰ Cir.

---

[9]Neither of the other public interest factors are at issue in this decision whether to transfer venue.

7

1996) (transferred *sua sponte*); *McIntosh v. Partridge*, 540 F.3d 315 (5th Cir. 2008) (same); *Atkinson v. Denton Pub. Co.*, 84 F.3d 144 (5th Cir. 1996) (same); *Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd.*, 79 F.3d 480 (5th Cir. 1996) (same).

The Court also notes that the present case is easily distinguished from the two cases cited by Who Dat wherein the district courts transferred pro se prisoner suits in the absence of any argument by a party in support of the transfer. In the present case, two defendants, the Saints and NFLP, have submitted a memorandum arguing in favor of the transfer. Accordingly, the present situation more closely resembles a traditional 1404(a) analysis upon motion by a party than it does the situations presented by the cases cited by plaintiff. In summary, the Court finds no merit in Who Dat's argument that a transfer in the present case requires a finding of exceptional circumstances.

## CONCLUSION

For all the foregoing reasons, the Court concludes that transferring this action to the Eastern District of Louisiana will serve the convenience of parties and witnesses and the interest of justice. Accordingly, **IT IS ORDERED** that this matter be transferred to the United States District Court for the Eastern District of Louisiana.

Baton Rouge, Louisiana, July 29, 2010.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

8